I agree with the majority's conclusion that Murphy was eligible for release under former R.C. 2947.061, but it is not because of any statutory ambiguity that I reach this conclusion. My review of the applicable laws causes me to conclude that the General Assembly expressly preserved this form of release for persons like Murphy who were sentenced before R.C. 2947.061 was repealed on July 1, 1996. Accordingly, I respectfully concur in the judgment.
Murphy entered his guilty plea on July 6, 1995, and was sentenced on August 1, 1995 to a term of five to twenty-five years. Whether Murphy could obtain shock probation in 1999 pursuant to former R.C. 2947.061 requires an unpleasant but necessary review of laws passed after Murphy was sentenced.
There are three relevant bills that were enacted: (1) Am.Sub.H.B.4, which amended R.C. 2947.061; (2) Am.Sub.S.B.2, whichrepealed this statute, and (3) Am.Sub.S.B. 269, which amended the previous act and clarified when the changes were to be applied.
Am.Sub.H.B. 4, which took effect on November 9, 1995, amended R.C. 2947.061. See 146 Ohio Laws, Part I, 100, 116-117. Section 3 of Am.Sub.H.B. 4 provided:
 Section * * * 2947.061 * * * of the Revised Code, as amended by this act, * * * [applies] to any offense, delinquent act, or unruly act committed on or after the effective date of this act. Section * * * 2947.061 * * * of the Revised Code, as [it] existed immediately prior to the effective date of this act, [applies] to any offense, delinquent act, or unruly act committed before the effective date of this act.
146 Ohio Laws, Part I, 127.[1]
R.C. 2947.061 was then repealed by Section 2 of Am.Sub.S.B. 2. See 146 Ohio Laws, Part IV, 7136, 7808-7809. Under Section 6 of Am.Sub.S.B. 2, the repeal of R.C. 2947.061 took effect on July 1, 1996. See 146 Ohio Laws, Part IV, 7810. Section 5 of Am.Sub.S.B. 2, however, expressly stated:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
146 Ohio Laws, Part IV, 7136, 7810 (emphasis added). Section 5 of Am.Sub.S.B. 2 apparently took effect on November 9, 1995. See 146 Ohio Laws, Part IV, 7813.
Section 3 of Am.Sub.S.B. 269 then amended Section 5 of Am.Sub.S.B. 2 to read as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
See 146 Ohio Laws, Part VI, 10752, 11099 (emphasis added). This amendment, and the repeal of existing Section 5 of Am.Sub.S.B. 2, took effect on July 1, 1996. See 146 Ohio Laws, Part VI, 11099.
Finally, Section 12 of Am.Sub.S.B. 269, which appears to have been given immediate effect by Section 15 of the act, stated:
 The repeal by this act of section 2947.061 of the Revised Code is intended to confirm the result intended by the General Assembly in enacting Am.Sub.S.B. 2 and Sub.H.B. 4 of the 121st General Assembly. Both acts passed on June 29, 1995. Am.Sub.S.B. 2 repealed the section while Sub.H.B. 4 amended it. The existence of the section is therefore uncertain. The intention of the General Assembly was for the section to be neither continued nor revived as the result of its amendment by Sub.H.B. 4, but rather for the section to be repealed as provided in Am.Sub.S.B. 2.
146 Ohio Laws, Part VI, 11115.[2]
In short, Murphy was eligible to seek release under R.C.2947.061 as it existed prior to the November 9, 1995 amendment effected by Am.Sub.H.B. 4. Section 3 of Am.Sub.H.B. 4 expressly states that the statute as it existed immediately before that amendment applies to offenses committed before that date. Murphy's offense occurred before this amendment.
The State argues that had the General Assembly intended shock probation to be available for offenses committed prior to its repeal, the General Assembly would have reserved that right. In fact, the General Assembly did just that as demonstrated by Section 5 of Am.Sub.S.B. 2 (effective November 9, 1995) and Section 3 of Am.Sub.S.B. 269 (effective July 1, 1996). Both bills expressly preserved this form of release by providing that the provisions of the Revised Code in existence prior to July 1, 1996 apply to persons upon whom a court imposed a term of imprisonment prior to that date. And because R.C. 2947.061 was not repealed until July 1, 1996 and Murphy was sentenced prior to July 1, 1996, he is eligible for shock probation.
Finally, I believe the State's reliance on Section 12 of Am.Sub.S.B. 269 is misplaced. I understand Section 12 to say that the earlier amendment to the statute was effective until July 1, 1996, at which time its repeal became effective. At most, Am.Sub.S.B. 269 negated the earlier amendment; thus R.C. 2947.061
was left intact until its eventual repeal on July 1, 1996.
But under no circumstance can these enacted bills be understood to have repealed R.C. 2947.061 before July 1, 1996. Because the shock probation provision was in existence prior to July 1, 1996, Am.Sub.S.B. 269 expressly preserved its availability f or persons like Murphy who were sentenced before July 1, 1996, and nothing in that bill denies the availability of shock probation for offenses committed prior to that date. Section 3 of Am.Sub.S.B. 269 controls this case, and Section 12 of that bill is essentially beside the point.
Because Murphy was sentenced before July 1, 1996, he was eligible to invoke former R.C. 2947.061 notwithstanding its subsequent repeal. I would add that this conclusion is consistent with that reached by a number of other Ohio courts. See, e.g.,State v. Heard (Aug. 13, 1999), Montgomery App. No. 17460, unreported, at 2, fn. 1; State v. Vandersall (Dec. 11, 1998), Wood App. No. WD-97-116, unreported, at 2, fn. 1. See also State v.Jones (Sept. 25, 1998), Lake App. No. 97-A-0063, unreported (applying former R.C. 2947.061); State v. Arguelles (Sept. 4, 1998), Erie App. No. E-98-023, unreported (same); State v. Houston
(Apr. 21, 1998), Allen App. No. 1-97-69, unreported (same). There does not appear to be any case authority supporting the State's contention that former R.C. 2947.061 is unavailable to persons who were sentenced prior to July 1, 1996.
Accordingly, I agree that Murphy was able to seek release under former R.C. 2947.061. I therefore concur in the judgment.
[1] For that version of R.C. 2947.061 as it existed immediately prior to the effective date of Am.Sub.H.B. 4, see 145 Ohio Laws, Part II, 2085, 2103-2104 (Am.Sub.S.B. 186, effective October 12, 1994); 145 Ohio Laws, Part IV, 6342, 6410-6411 (Am.Sub.H.B. 571, effective October 6, 1994).
[2] It should be noted that while Section 12 of Am.Sub.S.B. 269 suggests that Am.Sub.S.B. 269 repealed R.C. 2947.061, it does not appear that any provision of Am.Sub.S.B. 269 in fact repealed R.C.2947.061. The repeal of R.C. 2947.061 appears to have been accomplished by Section 2 of Am.Sub.S.B. 2, effective July 1, 1996.